46 A.3d 643

David H. CAIARELLI, James Abruzzese, Henry Astemborski, Joseph Bozynski, Michael Ciorra, Kenneth W. Collier, Joseph Decaria, Henry T. Grubbs, Joseph R. Jackson, Robert Lang, John M. Lerch, Marvin Littlejohn, Michael Marletti, James J. Nese, John Obranovich, Donald Petrus, Daniel J. Taylor, Jack Tinelli, Mark Tomes, Robert Woodside, Fred Young, Appellants

v.

SEARS, ROEBUCK & CO., Alan J. Lacy and Lyle G. Heidemann, Appellees.

David Albertini, James W. Baker, Keith A. Barth, Joseph Blough, Andrew J. Bombash, III, Gladys Brandt, Joseph M. Breitenbach, Brian Brenneman, Thomas Budner, Thomas Bunland, Brian E. Campbell, Michael M. Cavich III, Giovanni Cerra, Robert Chauvenne, Jr., William Christopher, Dale Clymer, Ronald Cole, William Comley, Bill Cressman, James A. Davis, John

H. Deitle, David Despot, Richard Doerr, Patrick Duschl, Thomas Ellinger, Dale R. Ferree, Jr., Donald M. Fisher, Jr., David G. Fox, Todd C. Froelich, David L. Gleason, Chad E. Gonofsky, Eric Grecek, James Guthrie, Raymond C. Hain, Allen E. Hambersky, Robert Hamer, Bradley A. Hanson, James Hartner, James Hawk, Gary L. Hay, Doug Hengst, Charles J. Hensler, Jeffrey R. Higginbotham, Richard C. Hoke, Edward Holliday, Edwin J. Hoover, Jason Horner, Rick Hostutler, Robert Hoy, David A. Hrabcsak, David Hromada, Mark Hufnagle, Joseph Hutzel, Glenn Jacobs, Robert Judy, Charles G. Kammerdiener, James Kelley, Ernest D. Kennedy, Perry L. Kent, Fred R. Killinger, Michael K. Kimmel, Jeff Klein, Ed Kohan, Daniel Kovalan, John Koval, Karl Krobot, Raymond Michael Kubis, Ronald L. Kuchma, Dennis Kunkle, Tom Lee, Lucious O. Lewis, Hubert I. Lilley, David E. Long, John Loulis, Thomas E. Luzier, Michael E. Mack, David A. Mansfield, Nicholas V. Mares, John Margo, Frank Marinello, Walter Marr, Elmer Mattozzi, Robert F. Mazur, Sr., Robert McCaul, Thomas McCormick, Robert McDaniel James McGarry, Mark D. McHugh, Richard D. Mellott, Chuck I. Meyers, John Miesel, Walter S. Mikrut, Lane L. Olt, Charlie Orndorff, Salvatore Pallotti Jr., Stephen Palonis, Michael C. Panza, Jr., Steven M. Pardiny, Paul E. Pawlak, Alfred Perroz, Geoffrey Perry, Monte E. Pettengill, Joseph Petrola, William Piper, Ronald R. Reger, Jr., David J. Rheinlander, Eugene Rickey, Robert M. Rife, David M. Ruhl, Robert D. Rummell, Sam Saieva, Ronald Sawtelle L. Bradford Schmitt, Raymond Seyerle, John D. Sharpe, Donald Shenfeld, James R. Shipley, George Shusta, Bernie Sokolowski, Steve "Richard" Stutzman, Ross Sudano, David M. Suprich, Robert E. Surock II, Vernon Sutor, Dale Szarejko, David K. Thurston, William A. Tomastik, Michael J. Warner, Jeffrey Webb, John P. Wilczynski, Jerry Wilson, Christopher D. Wine, Joseph Yost, John Zemba, David Ziesman, Angelo Zolna, Ryan T. Zulka, Thomas Zurick, Appellants

v.

Sears, Roebuck & Co., Edward S. Lampert, Alwin Lewis and William C. Crowley, Appellees.

Supreme Court of Pennsylvania.

Argued Oct. 18, 2011.

Decided April 25, 2012.

Michael J. Bruzzese, Pittsburgh, James Gregory Cirilano, ACBA Lawyer Referral Service, Mckees Rocks, for David H. Calarelli, et al.

J. Michael Adams Jr., Mike Adams & Associates, LLC, Hollidaysburg, for Sears, Roebuck & Co., et al.

BEFORE: CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, ORIE MELVIN, JJ.

## *ORDER*

PER CURIAM.

AND NOW, this 25th day of April, 2012, the present appeal is DISMISSED as having been improvidently granted.

Justice McCAFFERY files a dissenting statement in which Justice TODD joins.

Justice McCAFFERY, dissenting.

I dissent from the determination to dismiss this appeal as having been granted improvidently. I continue to believe that this case presents an important issue worthy of this Court's review, an issue on which we granted, properly and not improvidently in my view, allowance of appeal as follows:

> Whether the Superior Court erred in affirming the trial court's grant of summary judgment in favor of Respondent Sears on Petitioners' claim under the Pennsylvania Minimum Wage Act, where the trial court's determination relied on provisions of federal law having no analogue under that Act?

Moreover, having had complete briefing and having heard oral argument, for the reasons set forth below, I would reverse the opinion and order of the Superior Court and remand this case to the trial court for a trial.

Appellants are service repair technicians for Sears who participated in Sears's "Home Dispatch Program" ("HDP"). They sued Sears, alleging that Sears had violated the Pennsylvania Minimum Wage Act, 43 P.S. § 333.101 *et seq.* ("PMWA"), by not paying them for time during which they had to perform work at home, and for time spent attending to Sears matters while traveling in their Sears vans from their homes to customers' homes and back. In ruling on cross-motions for summary judgment, the trial court granted summary judgment in favor of Sears and against Appellants on Appellants' claim for violation of the PMWA, concluding that Appellants' travel time amounted merely to commuting time, which is non-compensable, and that the work they did at home was *de minimis. Caiarelli v. Sears, Roebuck & Co.,* No. GD 03–1735, slip op. (C.P. Allegheny Cty. Jan. 15, 2009) ("Trial Court Opinion"). The trial court also noted that the program allowing service repair technicians to operate from home instead of from a Sears location was optional. In making its rulings, the trial court relied on what it viewed as comparable federal law under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

In opposing Sears's motion for summary judgment, Appellants contended that the time for which they were seeking to recover constituted "hours worked," entitling them to payment therefor. *See* 34 Pa.Code § 231.1.[1] The trial court phrased the summary judgment issue as "whether the Sears technicians are entitled to compensation for the time spent in the Sears[ ] van commuting to and from their work locations." Trial Court Opinion at 4. In response to Appellants' argument that their

1. The PMWA requires an employer to pay employees a specified minimum wage for "all hours worked." 43 P.S. § 333.104(a). The term "hours worked" is defined by regulation in the Pennsylvania Code as follows:

Hours worked—The term includes time during which an employee is required by the employer to be on the premises of the employer, to be on duty or to be at the prescribed work place, **time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work;** ...

34 Pa.Code § 231.1(b) (emphasis added).

"commuting" time was in reality "time spent traveling as part of the duties of the employee" under 34 Pa.Code § 231.1(b), the court stated that "[Appellants] ignore the qualifying phrase in the definition which limits the time spent traveling by the employee as part of his duties to time spent traveling 'during normal working hours.' " *Id.*

Noting that Pennsylvania courts have not addressed "commute time in a company-owned vehicle," and stating that the PMWA "mirrors the [FLSA]," the trial court proceeded to apply the federal Fair Labor Standards Act and federal case law interpreting that act. Under the FLSA, as amended by the Portal–to–Portal Act, 29 U.S.C. § 251, and the Employee Commuting Flexibility Act, 29 U.S.C. § 254, time spent traveling to and from the actual place of performance of the employee's "principal activity" is not counted as "compensable work time." 29 U.S.C. § 254(a)(1). In addition, compensable work time under the FLSA excludes activity that occurs before or after the employee's principal activity. 29 U.S.C. § 254(a)(2). Moreover, the trial court noted that, under a federal implementing regulation, ordinary "home to work" travel is a normal incident of employment such that commuting to and from work is not work time, regardless of whether an employee works at a fixed location or at different job sites. 29 C.F.R. § 785.35. Thus, the court concluded, "it is clear that the service technicians' principal activity is servicing and repairing Sears[ ] appliances and that the work place is located in the various customers' homes." Trial Court Opinion at 7. Accordingly, the court determined that the work activities for which Petitioners alleged they were entitled to be compensated were merely incidental to their use of the Sears vehicles to commute, and thus not compensable. *Id.* at 5.[2]

**2.** Inexplicably, the trial court addressed only Appellants' claim respecting their driving time ("commuting time," in the trial court's view). It did not address their claim regarding work performed at home. In support of its resort to federal law, the trial court cited *Commonwealth v. Stuber*, 822 A.2d 870 (Pa.Cmwlth.2003), *aff'd* 580 Pa. 66, 859 A.2d 1253 (2004) (affirming on the basis of the Commonwealth Court's opinion). In the opinion we thereby adopted, the Commonwealth Court stated that the PMWA "mirrors" the FLSA, and indicated that when interpreting the PMWA, a state court could defer to a federal

The Superior Court affirmed, largely on the basis of the trial court opinion. *Caiarelli v. Sear, Roebuck & Co.* No. 885 WDA 2008, slip op., 988 A.2d 713 (Pa.Super. Sept. 21, 2009) (*"Caiarelli"*). It seems, however, that the Superior Court understood that the correctness of the trial court's opinion, insofar as it was based on applying the FLSA instead of the PMWA, was questionable. The Superior Court thus supplemented the trial court's determination as follows:

> In addition, it is clear that under *any* law, there is no need to compensate a worker for his or her time commuting to work. While the trial court judge referred to federal statutes, Pennsylvania law and state law throughout the country provides that there is no obligation to pay an employee for a commute to work.
>
> Here, although there were limitations on what could be done while in the Sears van on the way to work, that does not mean the technicians were "on the job" during the commute. If they wanted to run personal errands to and from work, they could decline the HDP and drive their own vehicles to work.
>
> While there were also some minor tasks to be done if an employee elected the HDP, such as plugging in a laptop to get their assignments over the internet and receiving packages and placing them in the van, Sears made it clear that these were only minimal tasks and the technicians were not to engage in any significant work at home. In today's world, receiving an assignment by Internet on a company-supplied computer is no more onerous than receiving the

court's interpretation of the FLSA when the state statute substantially parallels the federal statute. *Id.* at 873. The issue in *Stuber* was whether the appellant was an employee or an independent contractor. The Commonwealth Court noted that both acts contained virtually identical definitions of the terms "employ," "employer," and "employee," and that neither act contained any language discussing any distinction between an employee and an independent contractor. *Id.* Under the circumstances, because the two statutes substantially paralleled one another on the issue under consideration, the court stated that it was appropriate to give deference to a federal court's interpretation of the federal statute. In the instant case, by contrast, the state and federal statutes do not mirror or parallel one another with respect to the PMWA provisions at issue.

assignment by telephone. Any intrusion on private time is minimal, even if it takes a few minutes to boot the computer while the technician does other personal things. Loading packages on the van is a likewise minimal task, particularly since Sears made it clear that any sorting should be done during working hours.

*Caiarelli,* slip op. at 5–6 (emphasis in original; footnote omitted).

I believe it is clear that the Superior Court erred in affirming the trial court. First, it mischaracterized the issue raised by Appellants as whether employees must be compensated for "*commuting to work.*" This is not what Appellants alleged in their complaint. They did not allege that they were entitled to be paid for merely commuting. Rather, they alleged that while they were driving to their first appointments of the day, **they were required to perform certain work** which constituted "hours worked" under the PMWA for which they were entitled to be paid. They asserted that their activities while driving were restricted to Sears business and included dealing with the handheld computer and scheduling appointments. Second, the court viewed the facts in the light most favorable to the **non**-moving party, precisely the opposite of what the law requires. Those facts were hotly contested in the record. The deposition testimony conflicts regarding the necessity of performing the work at issue when the technicians perform it, and the extensiveness of such work. The Superior Court, without reference to any controlling law, simply concluded, arbitrarily, that the tasks for which Appellants seek compensation for hours worked are "minor," "minimal," and not "onerous," and that "Sears was careful to make sure that any such tasks ... were done during working hours." *Caiarelli,* slip op. at 6. These conclusions completely ignore conflicting evidence in the record on these very points, and improperly view the evidence in the light most favorable to Sears, the **movant,** on its motion for summary judgment.

When deciding a motion for summary judgment, a court must view the record in the light most favorable to the non-moving parties, here Appellants, and all doubts as to the

existence of a genuine issue of material fact must be resolved against the moving party. *Fine v. Checcio*, 582 Pa. 253, 870 A.2d 850, 857 (2005). The court may grant summary judgment only where the right to it is clear and free from doubt. *Id.* Based upon the record here, it simply cannot be said that Sears's right to summary judgment was clear and free from doubt. On the record here, it is clear to me that there was a genuine issue of material fact as to whether the work activities for which Appellants sought compensation constituted "hours worked" under the PMWA.

The lower courts noted that the HDP program is optional and that employees need not participate in it. On the surface, this fact may seem to detract from Appellants' contention that they are essentially forced to work uncompensated hours. However, the optional nature of the arrangement should not be treated as removing Appellants from the protection of the PMWA if, in fact, the work for which they seek to be compensated falls within the terms of the PMWA and its regulations. Even though there are some conveniences to employees who participate in the program, common sense suggests that Sears established the "optional" HDP program to benefit its business operations, and, accordingly, that Sears encourages technicians to participate in the program. Indeed, if all technicians opted out there would be no program, and Sears would lose whatever competitive advantage it believes the program provides.

Viewing the evidence of record in the light most favorable to Appellants as the non-moving parties, and resolving doubts in their favor, it is clear that service repair technicians' homes are used as shipping points for parts, which the technicians then have to load into their vans and sort; further, they have to deal with computer issues on an ongoing basis at home. According to Appellants, this arrangement requires them to do work at home **and** while traveling. Although Sears instructs its supervisors to tell the technicians to work only during the "standard" hours of 8:00 a.m. and 4:30 p.m. (the hours during which the technicians are required to be making visits to customer homes), Appellants dispute that it is even

possible to carry out the disputed work within this time frame. They argue further that Sears is well aware of this, such that the supervisors' incantation of "standard hours" is just that, an incantation, and belies the actual practice. Thus, under the HDP arrangement, Sears uses technicians' homes as delivery sites for Sears's business, and the technicians are placed in a position where it is rational and beneficial to Sears for the technicians to perform **some** work at home and while traveling. Sears's "defense"—that it tells its supervisors to nonetheless inform the technicians: "don't do any work outside the 'official' work day of 8:00 a.m. and 4:30 p.m. because you won't get paid for it"—seems, when the evidence is viewed favorably to Appellants, to be a smokescreen that is contradicted by Appellants' evidence regarding their working hours. Nothing under the PMWA indicates that "normal working hours," an undefined term, is not flexible enough to encompass the hours that employees **actually and reasonably** work.[3]

The Pennsylvania General Assembly has not in any way adopted the federal Portal to Portal Act or the federal Employee Commuting Flexibility Act, both of which the trial court applied to dispose of Appellants' PMWA claim. Nor has the General Assembly adopted any similar amendments. Neither is there an established *"de minimis"* rule under the PMWA. There is no indication that Pennsylvania law on the critical issues in this appeal parallels federal law. Indeed, in *Bayada Nurses, Inc. v. Pa. Dept. of Labor,* 607 Pa. 527, 8 A.3d 866, 883 (2010), we held that "it is not mandated that state regulation be read identically do, or *in pari materia* with, the [FLSA]." There simply was no justification for the lower courts here to apply or follow federal law instead of Pennsylvania law in this case.

Rather than relying on federal law because Pennsylvania lacked case law on the specific points raised, the lower courts might have obtained better guidance from the Supreme Court

3. In applying the provisions of the PMWA, it should be borne in mind that the PMWA is remedial legislation which should be interpreted liberally to achieve its remedial purpose. Cf. 1 Pa.C.S. § 1928(c) ("All other provisions of a statute shall be liberally construed to effect their objects and to promote justice.").

of Washington in *Stevens v. Brink's Home Security, Inc.*, 162 Wash.2d 42, 169 P.3d 473, 476 (2007). The *Stevens* court applied the Washington Minimum Wage Act and the regulations thereunder (which has nearly identical terminology to the PMWA and its regulations, as well as extremely similar definitions), and held that driving time from and to home, to first and from last appointments, of home alarm installation workers constituted "hours worked" for which the workers were entitled to be compensated. The court held that the technicians were on duty while traveling because their use of the company trucks was limited to company business, their receipt of assignments at home via handheld computers set them apart from regular commuters, and the truck constituted a "prescribed work place". *Stevens, supra* at 476–77.

At a bare minimum, Appellants have demonstrated the existence of genuine issues of material fact such as to preclude a grant of summary judgment to Sears if the law is properly applied. The lower courts improperly resolved those issues, including credibility issues based on the opposing parties' deposition testimony, in favor of the moving party—Sears. This was improper under our law. Appellants were not required to **prove** their case in opposing Sears's motion for summary judgment, only to establish the existence of a genuine issue of material fact. Whether Appellants will prevail at trial remains to be seen, but it is the trier of fact who is the proper arbiter of these issues of material fact.

For the foregoing reasons, I would reverse the order of the Superior Court and remand the case for trial.

·Justice TODD joins the dissenting statement.