SHWARTZ, Circuit Judge.
OPINION *
Rafael Espinoza appeals from the District Court’s order dismissing his putative class action complaint against Atlas Railroad Construction, LLC. Espinoza alleges that Atlas failed to compensate him for time traveling between his home and Atlas’s work sites in violation'of the Pennsylvania Minimum Wage Act (“PMWA”). Because Espinoza’s complaint failed to allege that such travel was a duty of his employment, the District Court appropriately dismissed his complaint, and we will therefore affirm.
I
Espinoza was employed by Atlas to perform manual labor tasks on railroad construction and maintenance projects at various sites, some of' which were located “hundreds of miles” away from his Pennsylvania residence. App. 21 ¶ 11. When he worked at such distant locations, Espinoza was unable to commute home on a daily basis and instead stayed in hotels or other temporary housing located near the work sites.
Espinoza’s schedule “consisted of]: (i) eight (8) consecutive 10.5-hour shifts (generally running from approximately 7:00 am until approximately 5:30 pm) at the project site followed by (ii) six (6) consecutive days away from the project site.” App. 22 ¶ 12. Atlas “generally expect[ed Espinoza] to arrive ... near the assigned project site on the evening before the first 10.5-hour shift,” and he would often travel home the day after he completed his final shift, sometime during his “regular working hours” of 7:00 am to 5:30 pm. App. 22 ¶¶ 13-14. Atlas did not compensate Espinoza for this travel time and would terminate him if he refused to engage in such travel.
Espinoza filed an amended putative class-action complaint alleging that Atlas violated the PMWA by failing to pay him and his fellow class members for all of their “hours worked,” which he contends included the time he traveled to and from the work sites. Atlas moved to dismiss Espinoza’s complaint, arguing that he failed to state a claim under the applicable statute and regulation.[1] The District Court granted the motion in part, dismissing with prejudice his claim to the extent it sought payment for travel occurring on *103 “days he was not scheduled to work” because such travel did not occur during his “normal working hours.”[2] App. 10. The District Court also found that Espinoza had not sufficiently alleged facts showing that any of his travel was a duty of his employment because he did not specify any work duties that he performed while traveling, such as transporting equipment or performing maintenance along the travel route. The District Court gave Espinoza an opportunity to file a second amended complaint to allege additional facts about travel on scheduled work days and the ways in which such travels were part of his duties as an employee. Espinoza declined to file an amended pleading, and the District Court subsequently dismissed his entire complaint with prejudice. Espinoza appeals.
II[3]
We must decide whether Espinoza alleged sufficient facts to show that his travel on the days preceding and following his work shifts was compensable under the PMWA. The PMWA provides that “[ejvery employer shall pay to each of his or her employees] wages for all hours worked.” 43 Pa. Cons. Stat. § 333.104(a). The PMWA regulations define “hours worked” to include “time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work.” 34 Pa. Code § 231.1 (“Travel Regulation”). Consequently, travel time is com-pensable under the PMWA if it is (1) “part of the duties of the employee” and (2) occurs “during normal working hours.” Id.
To interpret this regulation, we first look to applicable decisions of the Pennsylvania Supreme Court. Spence v. ESAB Grp., Inc., 623 F.3d 212, 216 (3d Cir. 2010). In the absence of such decisions, we must predict how the Pennsylvania Supreme Court would rule on the issue by looking to decisions of the Commonwealth’s appellate courts, the federal courts, and other reliable sources. Id. at 216-17 (citations omitted).
*104 One reliable source of interpretation is the Pennsylvania rules of construction. The rules direct that the object of interpreting Pennsylvania statutes is to effectuate the intent of the General Assembly. 1 Pa. Cons. Stat. §§ 1502(a)(l)(ii), 1921(a); see also Bayada Nurses, Inc. v. Commonwealth, 607 Pa. 527, 8 A.3d 866, 880-81 (2010) (applying this principle of construction to interpret the PMWA and regulations promulgating it). To effectuate the intent of the legislature, we must start with the text. The rules of construction specifically state that “[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded.” 1 Pa. Cons. Stat. § 1921(b); see also Commonwealth v. Jarowecki, 604 Pa. 242,985 A.2d 955, 959 (2009).[4] When the language in question does not include technical phrases, we must construe it “according to [its] common and approved usage,” 1 Pa. Cons. Stat. § 1903(a), and in a manner that avoids surplusage, id. § 1922(2). We will apply these tools to interpret the Travel Regulation.
Espinoza’s pleading fails to set forth factual allegations that satisfy the “duty” component of the Travel Regulation. We accordingly need not—and do not—decide whether his allegations meet the “normal working hours” component. Instead, we merely assume that Espinoza’s travel occurred during his normal working hours.
Unlike the provisions of the Fair Labor Standards Act [FLSA] that govern com-pensable travel,[5] the PWMA regulation expressly requires that the travel be part of the employee’s duties to be deemed part of the “hours worked” for which he is entitled to be paid. Despite this difference, Espinoza implores us to interpret Pennsylvania’s Travel Regulation in light of the FLSA’s *105 provisions regarding compensable travel time. We decline to do so in this case. When the PMWA “substantially parallels” the FLSA, Pennsylvania and federal courts have used FLSA law for interpretative guidance because the statutes have similar purposes. Commonwealth v. Stuber, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003), aff'd sub nom. 580 Pa. 66, 859 A.2d 1253 (2004); see also Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.4 (3d Cir. 2015) (applying federal law to determine whether the motor carrier exemption to overtime payments applied to both FLSA and PMWA claims where the parties agreed that “identical principles” controlled both the FLSA and the PMWA exemption). However, the courts look to the FLSA to construe and apply the PMWA only where the state and federal provisions are similar to each other or where there is a need to fill in a gap missing in the state law.[6] Espinoza argues that the dearth of case law construing the regulation should lead us to rely on the FLSA. While he is correct that there is little case law construing or applying the Travel Regulation, applying the FLSA here is not the answer to the drought. This is because the FLSA differs from the Travel Regulation in a specific way.
The FLSA regulation states that com-pensable travel time is not limited to “hours worked on regular working days during normal working hours but also [covers travel] during the corresponding hours on nonworking days.” 29 C.F.R. § 785.39. While this is similar to the PMWA requirement that the travel occur during “normal working hours,” the federal regulation does not include the PMWA’s “duty” component. 34 Pa. Code § 231.1 (stating that travel time is compensable under the PMWA only if it is “time spent in traveling as part of the duties of the employee”). Instead, the federal regulation states that when travel time “cuts across” a regular work day, “[t]he employee is simply substituting travel for other duties.” 29 C.F.R. § 785.39. Thus, under the federal regulation, travel from one’s home community that cuts across one’s normal working hours becomes a compen-sable employment duty merely by occurring during regular working hours.
Under the PMWA, however, the travel itself must be part of the duties of the employee. This is an additional requirement not included in the FLSA and, consequently, the PMWA test for compensable travel time does not “substantially parallel” the FLSA provision and we decline to rely on the FLSA to interpret the PMWA.
We thus examine, without reference to the FLSA, whether Espinoza has alleged that his travel from the work sites to his home was “part of the duties of the em *106 ployee.” 34 Pa. Code § 231.1. From what we can glean from the limited case law on this topic, the courts seem to view such a duty as requiring more than simply driving to or from a work site. For example, Pennsylvania courts addressed whether Sears service repair technicians were entitled to compensation for “time spent attending to Sears matters while traveling in their Sears vans from their homes to customers’ homes and back.” Caiarelli v. Sears, Roebuck & Co., 616 Pa. 38, 46 A.3d 643, 644 (2012) (McCaffery, J. dissenting). The appellate court affirmed the grant of summary judgment in favor of Sears, finding that the technicians’ travel time was merely commuting time and was therefore not compensable. Id. at 645-46. The Pennsylvania Supreme Court granted leave for the appeal and then dismissed it for having been improvidently granted. Id. at 644. In his dissent to the dismissal, Justice McCaf-fery pointed out that the technicians alleged that they had to perform certain work during their travel time, such as “dealing with the handheld computer and scheduling appointments.” Id. at 646. The dissent concluded that because the eviden-tiary record conflicted about the need to perform work during the travel time, the grant of summary judgment was in error. Id. at 647-48. Though this dissent is non-precedential, it indicates that the Pennsylvania courts focused the inquiry on whether the employees were performing work-related tasks, aside from travel, during their travel time.
In a slightly different context, our Court adopted a similar view. In Pennsylvania Federation of the Brotherhood of Maintenance of Way Employees v. National Railroad Passenger Corporation (“AMTRAK”), this Court considered an action brought by a labor union and one of its members against AMTRAK alleging that the company violated the PMWA by failing to provide overtime pay to employees for time spent traveling on AMTRAK vehicles between work sites and their work headquarters. 989 F.2d 112, 113-14 (3d Cir. 1993). The District Court dismissed the complaint for lack of subject matter jurisdiction because the dispute involved an interpretation of a collective bargaining agreement, which was within the exclusive jurisdiction of the National Railroad Adjustment Board. Our Court upheld the dismissal, concluding that the facts alleged in the complaint—that at the start and end of their shifts the employees traveled in company vehicles between work sites and the company headquarters—were not sufficient to establish that such travel was a duty of their employment. See id. at 115. Rather, we observed that determining whether travel time was part of the employees’ duties depended on the nature of the employees’ duties, as specified by the employment agreement. Id at 115-16. While our ruling did not identify facts that would show when travel time would be a part of the duties of the employees, it did hold that showing employees traveled before and after their daily shifts in company vehicles between work sites and the company headquarters alone did not establish that such travel was a duty of the employees. Id.; see also Pa. Fed’n of the Bhd. of Maint. of Way Emps. v. Nat’l R.R. Passenger Corp., No. 91-2776, 1992 WL 165993, at *1 (E.D. Pa. June 15, 1992) (specifying that the employees traveled to the work sites and returned to the headquarters on a daily basis). Together, these cases reveal that merely alleging that an employee was required to travel to and from a work site, without more, does not demonstrate that the travel was a duty of the employment for purposes of the PMWA. Put differently, for travel to be considered a duty of employment, it cannot merely be a necessary means of accessing the employee’s *107 job; it must, instead, be an integral feature of the job itself.
This interpretation comports with the Pennsylvania rules of construction as it gives meaning to the entire phrase “traveling as part of the duties of the employee.” This phrase covers more than an employee’s commute, which is not a duty of the employee but rather is a precursor to or follows the completion of one’s duties. By requiring that the travel be part of the duties, the regulators made clear that the regulation did not apply to such preliminary activities but rather provided for compensation for tasks indispensable to the performance of one’s work.
Espinoza has failed to allege any facts showing that his travel was a duty of his employment as defined under the PMWA. Espinoza alleges only that Atlas required him to travel, sometimes long distances, from his home to the vicinity of different project sites before his scheduled work shifts, that he stayed overnight during his scheduled eight-day shifts, that he generally traveled home on the day after his eighth shift, and that “refusal to engage in such travel would result in termination.” App. 22-23 ¶¶ 13, 14, 16, 17. These facts describe little more than a basic commute; all employees must arrive at them jobs before their shift begins and refusal to do so understandably leads to termination. Espinoza did not allege that he performed any work for the company during his travel time nor any other facts showing that his travel w^s part of the duties of his employment.[7] Because Espinoza failed to allege facts showing that the travel was part of his employment duties, he did not plead “sufficient factual matter ... to state a claim for relief that is plausible on its face,” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quotation marks and citation-omitted), under the PMWA.
Ill
For the forgoing reasons, we will affirm the order of the District Court dismissing Espinoza’s amended complaint.

This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636.

. The District Court also denied without prejudice the motion with respect to claims for payment for travel occurring during Espinoza’s scheduled work days because the pleading did not clearly state whether his claims were based on travel on those dates. Espinoza asserts that most of his travel did not occur on such dates, and so he is no longer pursuing compensation for such travel.

. The District Court had jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000 based primarily on the amount of attorney’s fees that may be awarded under 43 Pa. Stat. § 333.113 if Espinoza prevailed. Notice of Removal at 3-6, Espinoza v. Atlas R.R. Constr. LLC, No. 15-1189, 2016 WL 279000, at *1 (W.D. Pa. Jan. 22, 2016) (hereinafter "Notice of Removal"); Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997) (”[I]n calculating the amount in controversy, we must consider potential attorney’s fees.”). We have jurisdiction under 28 U.S.C. § 1291.
We exercise plenary review of a district court's grant of a motion to dismiss, Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011), and apply the same standard as the District Court. See Santomenno ex rel. John Hancock Tr. v. John Hancock Life Ins. Co., 768 F.3d 284, 290 (3d Cir. 2014). Under this standard, we must determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,’ ” Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)), "but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements," James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012). A claim "has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.” Iqbal, 556 U.S. at 663, 129 S.Ct. 1937.

. If the language is ambiguous, the rules direct courts to then consider contextual factors, including:
(1) The occasion and necessity for the statute.
(2) The circumstances under which it was enacted.
(3) The mischief to be remedied.
(4) The object to be attained.
(5) The former law, if any, including other statutes upon the same or similar subjects.
(6) The consequences of a particular interpretation.
(7) The contemporaneous legislative history.
(8) Legislative and administrative interpretations of such statute.
1 Pa. Cons. Stat. § 1921(c).

. The federal regulation defining compensa-ble travel time under the FLSA provides:
Travel that keeps an employee away from home overnight is travel away from home. Travel away from home is clearly worktime when it cuts across the employee’s workday. The employee is simply substituting travel for other duties. The time is not only hours worked on regular working days during normal working hours but also during the corresponding hours on nonworking days. Thus, if an employee regularly works from 9 a.m. to 5 p.m. from Monday through Friday the travel time during these hours is worktime on Saturday and Sunday as well as on the other days. Regular meal period time is not counted. As an enforcement policy the Divisions will not consider as worktime that time spent in travel away from home outside of regular working hours as a passenger on an airplane, train, boat, bus, or automobile.
29 C.F.R. § 785.39.
The FLSA’s travel regulation was promulgated to effectuate the Portal to Portal Act. See 29 U.S.C. § 254. A member of the Pennsylvania Supreme Court observed that since the “Pennsylvania General Assembly has not in any way adopted the federal Portal to Portal Act,” provisions of the Portal to Portal Act might be less compatible with the PMWA than other portions of the FLSA. Caiarelli v. Sears, Roebuck & Co., 616 Pa. 38, 46 A.3d 643, 648 (2012) (McCaffery, J. dissenting); see also Bonds v. GMS Mine Repair & Maint., Inc., No. 2:13-CV-1217, 2015 WL 5602607, at *11 (W.D. Pa. Sept. 23, 2015) (quoting Caiarelli and concluding that the Portal to Portal Act’s additions to the FLSA do not apply to the PMWA).

. Where the two acts diverge, however, courts do not defer to federal law to interpret state law. See, e.g., Bayada Nurses, Inc., 8 A.3d at 882-83 (holding that federal regulations pertaining to the domestic service exemption to the FLSA did not apply to the analogous but narrower PMWA exemption and that Pennsylvania may interpret its law in a manner more beneficial to employees than federal law); see also Foster v. Kraft Foods Glob., Inc., 285 F.R.D. 343, 345 (W.D. Pa. 2012) (declining to apply the FLSA’s method for calculating overtime payments to the PMWA analysis where the federal method conflicted with the language of the PMWA); Truman v. DeWolff, Boberg & Assocs., Inc., No. 07-01702, 2009 WL 2015126, at *2 (W.D. Pa. July 7, 2009) ("In light of the FLSA's explicit recognition that states may offer greater protections to its employees than the FLSA, we are reluctant to find an unstated foreign-work exemption in the PMWA based solely on the fact that the FLSA contains such an exemption.”); cf. Smiley v. E.I. Dupont De Nemours & Co., 839 F.3d 325, 328-29 n.4 (3d Cir. 2016) (noting that the Pennsylvania Wage Payment and Collection Law and the FLSA have parallel remedies but “material differences” may exist between claims under each law).

. Facts that may shed light on whether travel is part of the employee's duties may include, among other things, whether the employee is reimbursed for the travel expenses, whether the employer pays his overnight expenses, whether his hourly wage compensates for the additional effort to get to the work site, whether the work site is in a fixed location, whether the employee performs any tasks to benefit the employer during the travel besides simply traveling to and from the work site, such as reviewing materials needed to commence/complete his duties for the shift, whether there is an employment agreement or description of the position that includes travel to the work site as part of the duties, and whether the travel is ancillary to or a precursor to commencing or concluding work.