NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1707
_____

RALPH SMITH;
IGNATIUS HARRIS, individually and on behalf of all others similarly situated,

Appellants

v.

ALLEGHENY TECHNOLOGIES, INC.;
STROM ENGINEERING CORPORATION

_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-00911)
District Judge: Honorable Mark R. Hornak

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 5, 2018

Before: AMBRO, SCIRICA, and RENDELL, Circuit Judges

(Opinion filed: December 10, 2018)

_____

OPINION[*]

_____

AMBRO, Circuit Judge

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

When is commuting across a picket line compensable? Ralph Smith and Ignatius Harris appeal the District Court's decision to dismiss their claims under the Fair Labor and Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, the Oregon minimum wage statute (the "OMWS"), and the Pennsylvania Minimum Wage Act (the "PMWA"), 43 P.S. § 333.103 *et seq.* They challenge the District Court's ruling that they failed to state a claim that crossing picket lines and travelling to work in an employer's van was compensable. For the reasons stated below, we affirm in part and vacate in part the District Court's decision to dismiss their complaint.

In August 2015, Allegheny Technologies, Inc. ("ATI") began a lockout of its union workers in Pennsylvania and Oregon. The employees responded by creating a picket line. During the lockout, ATI contracted with Strom Engineering Corp. to provide a temporary workforce to operate the facility. Smith and Harris were members of this temporary workforce and made steel at the ATI facilities in 12-hour shifts. To enter and leave the facilities, they rode through the picket line in Strom vans driven by temporary workers. The vans picked them up and dropped them off at the hotels where they were housed. The workers' commute took roughly 45 minutes each way.

Smith and Harris filed a class and collective action complaint in July 2017, alleging that ATI and Strom violated the FLSA, OMWS, and PMWA, as well as unjustly enriched themselves under Pennsylvania law, by failing to compensate them for travel between the hotels and the ATI facilities before and after their shifts. They also sought to certify a class conditionally. Strom moved to strike their complaint, and ATI moved to dismiss it.

2

A Magistrate Judge recommended that ATI and Strom's motions be denied and Smith and Harris' motion for conditional certification be granted. The District Court rejected these recommendations, granted ATI's motion to dismiss, and denied all other motions as moot. Smith and Harris appeal.

The District Court had jurisdiction over Smith and Harris' FLSA claims under 28 U.S.C. § 1331. It properly exercised supplemental jurisdiction over their state law claims under 28 U.S.C. § 1367(a). We have appellate jurisdiction under 28 U.S.C. § 1291. We review *de novo* a District Court's decision to grant a motion to dismiss. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 206 (3d Cir. 2009). In doing so, "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

A. FLSA

The FLSA requires employers to pay overtime to employees who work more than 40 hours in a workweek. The Portal-to-Portal Act, however, relieves employers from compensating employees for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

> (2) activities which are preliminary to or postliminary to said principal activity or activities,

> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a). The Supreme Court "has consistently interpreted the term 'principal activity or activities' [to] embrac[e] all activities which are an 'integral and indispensable

part of the principal activities.'" *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513, 517 (2014) ("*ISS*") (quoting *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29–30 (2005)) (quotation marks omitted). Thus employees will receive overtime pay for commuting when the commute is (1) a principal activity or (2) integral and indispensable to a principal activity. *See id.*; *see also Llorca v. Sheriff, Collier Cty., Fla.*, 893 F.3d 1319, 1324 (11th Cir. 2018).

### 1. Principal Activity

A principal activity is an activity that the employee is "employed to perform." 29 C.F.R. § 790.8 (1970). According to the Department of Labor, "Congress intended the words 'principal activities' to be construed liberally in the light of the foregoing principles to include any work of consequence performed for an employer, no matter when the work is performed." *Id.* Smith and Harris acknowledge they were hired to make steel, but they also allege that ATI hired Strom to "employ[] a non-unionized temporary workforce . . . to cross picket lines and keep the affected plants in operation" in an effort to pressure the union to negotiate more quickly its contract with ATI. J.A. at 51 ¶ 49. This conclusion is not supported by well-pled facts.

Smith and Harris allege that they were instructed to ride in Strom vans to cross the picket line and that following these instructions was "a term and condition of their employment." J.A. at 57 ¶ 89. Accepted as true, these facts do not permit the reasonable inference that a principal aspect of their employment was to take the vans to cross the picket line. That an employer mandates certain travel procedures does not make the travel a principal activity. For example, in *Rutti v. Lojack Corp.*, the Tenth Circuit

4

concluded that requiring an employee to drive the employer's vehicle to and from work and not pick up passengers did not make the employee's travel compensable under the FLSA. 596 F.3d 1046, 1054 (10th Cir. 2010); *see also Integrity Staffing Sols., Inc. v. Busk*, 135 S. Ct. 513, 519 (2014) ("*ISS*") ("If the [integral and indispensable] test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities that the Portal–to–Portal Act was designed to address."). Likewise here, the requirements that Smith and Harris observe procedures while riding the Strom vans and while crossing the picket line do not establish a principal activity.

To be sure, an employer could hire a temporary workforce for the principal goal of crossing the picket line. For example, a temporary workforce's commute would be a principal activity if members of that workforce were simply hired to cross the picket line in the morning, enter its factory, and then re-cross the picket line at night. Similarly, a complaint could allege facts that demonstrated the employee's crossing the picket line was as important as the work the employee subsequently performed. But no such facts were alleged here. Smith and Harris' FLSA claim was properly dismissed because they only alleged facts that support the inference they were employed to make steel.

2. Integral and Indispensable

Smith and Harris' travel time might be compensable if it is "integral and indispensable" to their principal activity of making steel. This occurs when the employee performs tasks that are necessary and directly tied to the principal activity. Put another way, riding in the Strom vans to work is compensable if it was so important to making

5

steel that it must be compensable. *See ISS*, 135 S. Ct. at 517. *ISS* cites to two prior Supreme Court cases to clarify the requisite connection between an activity and the employee's principal purpose. In *Mitchell v. King Packing Co.*, the Court held compensable the time meatpacking employees spent sharpening their knives because "a dull knife would slow down production which is conducted on an assembly line basis, affect the appearance of the meat as well as the quality of the hides, cause waste and make for accidents . . . ." 350 U.S. 260, 262 (1956). In contrast, the Court in *IBP, Inc. v. Alvarez* held that the time meatpacking employees spend putting on protective gear before a shift is "two steps removed from the productive activity on the assembly line." 546 U.S. 21, 42 (2005). In both cases the activities were required, but only when they affected the quality of the principal activity was it compensable.

Here, riding the Strom van to work is at least two steps removed from making steel. Smith and Harris' complaint does not sufficiently plead why the Strom vans were indispensable to that production. Further, the presence of a picket line does not elevate this situation beyond that of a normal commute, which courts have routinely held is non-compensable under the FLSA. *See, e.g.*, *Singh v. City of New York*, 524 F.3d 361, 367 (2d Cir. 2008); *Smith v. Aztec Well Servicing Co.*, 462 F.3d 1274, 1290 (10th Cir. 2006). In this context, Smith and Harris' FLSA claims fail.

B. OMWS

As Smith and Harris concede in their briefing, the OMWS claim they make is governed by the same analysis as their FLSA claim and so fails for the reasons noted above.

6

C. PMWA

The PWMA requires that "[e]very employer shall pay . . . each of his or her employe[es] wages for all hours worked." 43 Pa. Cons. Stat. § 333.104(a).  For travel time to be compensable, it must be "time spent in traveling as part of the duties of the employee during normal working hours and time during which an employee is employed or permitted to work."  34 Pa. Code § 231.1 (1994).  This requires a two-part inquiry determining whether the travel time was (1) part of the employee's duties and (2) during normal working hours.[1]  The District Court dismissed Smith and Harris' PMWA claim because their commute was not part of their duties of employment.

There is a dearth of precedent interpreting when travel time is an employee's duty under the PMWA.  The District Court relied on our non-precedential opinion in *Espinoza v. Altas Railroad Construction, LLC*, 657 F. App'x 101, 106 (2016), which held that, for travel to be compensable, the employee must "perform[] work-related tasks, aside from travel, during their travel time."  The District Court concluded that Smith and Harris' claim under the PMWA failed for "the same reasons that the Court concluded that [they] cannot establish that commuting across the picket line in Strom's vans was either a principal activity or integral and indispensable to a principal activity of their employment."  J.A. at 26.  But Pennsylvania has not enacted the Portal-to-Portal Act, and Pennsylvania law requires compensation for a broader range of activities, including travel

---

[1] Because ATI does not dispute on appeal Smith and Harris' contention that they adequately alleged the travel was during normal working hours, we may consider that issue waived.  *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997).

7

time, than the FLSA. *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 307 (3d Cir. 2003), *as amended* (Nov. 14, 2003); *In re Cargill Meat Sols. Wage & Hour Litig.*, 632 F. Supp. 2d 368, 394, 397–98 (M.D. Pa. 2008). Neither the principal activity nor the integral or indispensable test applies here.

As a non-precedential opinion (written by a divided panel), *Espinoza* has no persuasive authority under the rules of our Court. *See* I.O.P. 5.7. Instead, we think our precedential opinion in *Pennsylvania Fed'n of Bhd. of Maint. of Way Employees by Dodd v. Nat'l R.R. Passenger Corp. (Amtrak)*, 989 F.2d 112, 116 (3d Cir. 1993), is instructive. Appellants in *Amtrak* sought compensation under the regulation at issue here, 34 Pa. Code § 231.1, for travel in Amtrak vehicles after their shift was complete that, they alleged, was required under their collective bargaining agreement. We held that the Pennsylvania travel regulation requires courts to inquire into the underlying employment agreement. Reviewing it provided the "the only way" to determine if the employees "are *required* to travel on the AMTRAK vehicle after their work shifts are done." *Id.* at 115 (emphasis in original).

That courts must determine whether the uncompensated activity is required under the contract is consistent with a plain text reading of "duties of the employee" under the regulation. Black's Law Dictionary defines a "duty" as "[a] legal obligation that is owed or due to another and that needs to be satisfied." *Black's Law Dictionary* 580 (9th ed. 2009). An obligation "may refer to *anything that a person is bound to do* or forbear from doing." *Id.* at 1179 (emphasis added).

8

Smith and Harris' employment agreements are not in the record. They allege that "Plaintiffs' and Class Members' employment with ATI and Strom required that they cross active picket lines in the vans owned, leased, or rented by Strom." J.A. at 56 ¶ 85. They also allege that they had to follow specific instructions regarding crossing the picket lines "as a term and condition of their employment." *Id.* at 57 ¶ 89. For a motion to dismiss, we are required to accept as true the factual allegations of the complaint. Thus Smith and Harris have adequately pled that riding in Strom vans was a duty of the employees and thus compensable under the PMWA.

We conclude that the District Court erred in granting ATI's motion to dismiss, and thus we vacate in relevant part.

D. Claims against Strom

Smith and Harris argue that the District Court improperly dismissed their complaint against Strom because it did not join ATI's motion to dismiss. The District Court was similarly "puzzled by this somewhat piecemeal litigation approach on Strom's part." J.A. at 18 n.1. However, the Court dismissed their complaint against Strom because "the grounds in favor of dismissal raised in ATI's Motion are common to both Defendants, and Plaintiff's fully responded to these arguments in its briefings." *Id*. We agree with the Court that Smith and Harris' complaint also fails to state a cause of action against Strom and so affirm the *sua sponte* dismissal of their FLSA and OMWS claims.

*　*　*　*　*

Smith and Harris failed to state a claim under the FLSA and OMWS, and thus we affirm the District Court's dismissal of those claims. We conclude, however, that Smith

9

and Harris adequately pled a cause of action under the PMWA. Therefore, we vacate the dismissal of their claims under that statute and remand. The District Court in its discretion may choose to refer the case to state court for resolution of the remaining state law claims.