# Pennsylvania Labor Relations Board, Appellant, *v.* Napoli.

Argued March 17, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN and BOK, JJ.

*James F. Wildeman*, Assistant Attorney General, with him *Yale B. Bernstein* and *Richard H. Kutz*, Assistant Attorneys General, *Leon Ehrlich*, Deputy Attorney General, and *Anne X. Alpern*, Attorney General, for appellant.

*Jack J. Rosenberg* and *S. Harold Grossman*, for appellees.

OPINION BY MR. JUSTICE COHEN, April 20, 1959:

These appeals were taken by the Pennsylvania Labor Relations Board from decisions of the Court of

Common Pleas of Westmoreland County setting aside the orders made by the board in three companion cases.

In the first case, the board made a decision and order sustaining the charge by the General Teamsters Union, Local 249, AFL-CIO that appellee August A. Napoli, trading and doing business as Seven-Up Bottling Company of New Kensington, (hereinafter called employer), had engaged in unfair labor practices within the meaning of the Pennsylvania Labor Relations Act of June 1, 1937, P. L. 1168, 43 P.S. §211.1 *et seq.* The second and third cases involved the dismissal by the board of a petition for investigation and certification of representatives which was filed by Brewery and Soft Drink Workers, Local No. 86, of the International Union of United Brewery, Flour, Cereal, Soft Drink and Distillery Workers of America, AFL-CIO. Following these decisions, the employer filed petitions for review of the board's final orders in the Court of Common Pleas of Westmoreland County. The court held that the board had no jurisdiction over the employer and set aside the orders.

The facts are not in dispute. Employer is a distributor of Seven-Up soft drink in New Kensington, Pennsylvania, and is franchised by the Seven-Up Company in St. Louis, Missouri. The franchise agreement provides that employer must purchase its Seven-Up from the St. Louis company. Also, the St. Louis company may cancel the franchise if the employer fails to comply with its policies relating to extract, quality control and cleanliness.

Employer had gross receipts of $102,686.24 from his sales to retail stores, clubs, gas stations and vending machines in New Kensington during 1956. His direct purchases from out-of-state suppliers amounted to $33,553.24 and his indirect purchases from outside

the state amounted to $10,326.35 during the same year. The total of all his purchases for 1956 was $51,384.75; hence, those which represented out-of-state dealings represented 85% of the total.

The sole question presented by these appeals is whether or not the Pennsylvania Labor Relations Board had jurisdiction over this employer. This is the same question with which we dealt in *Pennsylvania Labor Relations Board v. Friedberg,* 395 Pa. 294, 148 A. 2d 909 (1959) : whether or not the employer's business affects commerce as defined in Labor Management Relations Act of 1947, 61 Stat. 137 (1947), 29 U.S.C.A. §152(7) (1952).[1]

Where the activity of an employer affects or may affect commerce, state labor relations boards do not have jurisdiction over labor disputes. As we pointed out in the *Friedberg* case, the field is pre-empted by the Federal Government which invested the National Labor Relations Board with exclusive jurisdiction and this exclusiveness exists even though the National Board refuses to assert its jurisdiction because of its self-imposed standards. *Guss v. Utah Labor Relations Board,* 353 U. S. 1 (1957) ; *Hodges Bedding Company v. Pennsylvania Labor Relations Board,* 388 Pa. 333, 131 A. 2d 93 (1957).

There is no question but that the employer in this appeal is engaged in an activity which materially "affects commerce". *National Labor Relations Board v. Seven-Up Bottling Company of Miami,* 196 F. 2d 424 (5th Cir. 1952). His business operates under a franchise agreement with a national company and 85% of all his purchases are from out-of-state.

---

[1] The term affecting commerce is defined as "in commerce, or burdening or obstructing commerce or the free flow of commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce."

Appellant argues that employer's activities were *de minimis* and hence, is not included in the jurisdiction of the National Labor Relations Board. In the *Friedberg* case we held that a local window washers' activities were *de minimis* and did not "affect commerce", therefore, holding that the Pennsylvania Board's jurisdiction was not ousted. The facts in the instant case clearly show that the employer's business is quite different from that of the employer in *Friedberg*. Here the employer is engaged in a non-retail manufacturing business while in *Friedberg* the employer was engaged in selling a service. Also, in *Friedberg* the employer's only connection with interstate commerce was indirect—he had no connection with nor was he under the control of any national business as the employer in this case. Here the employer is manufacturing and distributing a nationally advertised product and purchases approximately $44,000.00 worth of supplies from outside the state. These differences are basic in the determination of whether or not an employer is engaged in an activity "affecting commerce" within the meaning of the national act.

For the above reasons it is clear to this Court that the employer is engaged in the business which "affects commerce" so that the National Labor Relations Board has exclusive jurisdiction over it in the matter of labor practices even though the National Board would not take jurisdiction because of its jurisdictional minimum.

Orders affirmed.

Mr. Justice McBride took no part in the consideration or decision of this case.