RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 19a0272p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

IN RE: AMAZON.COM, INC., FULFILLMENT CENTER FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION.

NEAL HEIMBACH; KAREN SALASKY,

*Plaintiffs-Appellants,*

*v.*

AMAZON.COM, INC.; AMAZON.COM.DEDC, LLC; INTEGRITY STAFFING SOLUTIONS, INC.,

*Defendants-Appellees.*

No. 18-5942

Appeal from the United States District Court
for the Western District of Kentucky at Louisville.
Nos. 3:14-cv-00204; 3:14-md-02504—David J. Hale, District Judge.

Decided and Filed: November 4, 2019

Before: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Peter Winebrake, WINEBRAKE & SANTILLO, LLC, Dresher, Pennsylvania, for Appellants. Jay Inman, LITTLER MENDELSON P.C., Lexington, Kentucky, Richard G. Rosenblatt, MORGAN, LEWIS & BOCKIUS LLP, Princeton, New Jersey, David B. Salmons, Michael E. Kenneally, MORGAN, LEWIS & BOCKIUS LLP, Washington, D.C., for Appellees.

---

**ORDER**

---

GRIFFIN, Circuit Judge:

In *Integrity Staffing Solutions, Inc. v. Busk ("Busk I")*, 574 U.S. 27 (2014), the Supreme Court held that post-shift security screening is a noncompensable postliminary activity under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., as amended by the Portal-to-Portal Act ("Portal Act"), 29 U.S.C. § 251 et seq. *See id.* at 34–37. At issue in this appeal is whether *Busk I* resolves a similar claim under the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Cons. Stat. § 333.101 et seq. Previously, this court has considered similar appeals arising from multidistrict litigation and involving the wage-and-hour statutes of three other states: Nevada, Arizona, and Kentucky. *See Busk v. Integrity Staffing Sols. ("Busk II")*, 905 F.3d 387, 391 (6th Cir. 2018), *cert. denied*, No. 18-1154, 2019 WL 4921284, at *1 (U.S. Oct. 7, 2019); *Vance v. Amazon.com, Inc.*, 852 F.3d 601, 606 (6th Cir. 2017).

Now, plaintiffs move to certify a question of law to the Pennsylvania Supreme Court. We find that certification is warranted and hereby grant plaintiffs' motion. Additionally, we certify a second question regarding the issue of defendants' *de minimis* defense. Both questions are presented in Section IV of this order. For the reasons discussed below, we respectfully request the assistance of the Pennsylvania Supreme Court regarding these issues.

I.

The relevant facts are not in dispute. Plaintiffs worked at Amazon's[1] "logistics facility/fulfillment center" located in a large warehouse in Breinigsville, Pennsylvania. Plaintiff Heimbach worked for Amazon while Salasky worked for Integrity Staffing Solutions. Amazon and Integrity "separately employ[ed] hundreds of hourly workers at the Facility." The workers' duties included "receiving deliveries of merchandise, transporting merchandise to its appropriate

---

[1]Defendants Amazon.com, Inc. and Amazon.com.DEDC, LLC are collectively referred to as "Amazon."

location within the Facility, 'picking' merchandise from storage locations, and processing merchandise for shipping." .

Hourly employees clocked in and out on time clocks at the beginning and end of their shifts, respectively. After clocking out at the end of their shifts, employees were required to undergo antitheft security screening, which included metal detectors, searches of bags and other personal items, and "a secondary screening process if the metal detector's alarm sound[ed]." While plaintiffs and defendants disagree as to the amount of time this screening took on average, no party disputes that defendants did not compensate their employees for the time it took to wait in line for and undergo these security screenings.

Plaintiff Heimbach filed a putative class action suit in the Philadelphia County Court of Common Pleas, pleading a single count under the PMWA. The first amended complaint in state court added Salasky as a plaintiff. Defendants removed the case to the United States District Court for the Eastern District of Pennsylvania because it satisfied the jurisdictional requirements of the Class Action Fairness Act. *See* 28 U.S.C. § 1332(d)(2). The United States Judicial Panel on Multidistrict Litigation eventually transferred the case to the Western District of Kentucky, where several cases bringing similar wage-and-hour claims based in other states' laws were pending.

Following discovery, plaintiffs moved for class certification and defendants moved for summary judgment. The district court granted summary judgment in favor of defendants and denied the class certification motion as moot. *Heimbach v. Amazon.com, Inc.*, No. 3:14-CV-204-DJH, 2018 WL 4148856, at *4 (W.D. Ky. Aug. 30, 2018). In *Busk I*, the Supreme Court held that "employees' time spent waiting to undergo and undergoing . . . security screenings" is not compensable under the FLSA, as amended by the Portal Act. 574 U.S. at 29. Here, the district court noted that "Pennsylvania and federal courts have used FLSA law for interpretative guidance" where its provisions have mirrored those in the PMWA, and that "the state and federal definitions of compensable time are similar to each other." *Heimbach*, 2018 WL 4148856, at *2 (citation omitted). The court "conclude[d] that it is proper to consider the Portal-to-Portal Act amendments, and the Supreme Court's interpretation thereof, in construing and applying the PMWA." *Id.* at *3 (footnote omitted). After doing so, the district court granted defendants'

motion for summary judgment. *Id.* at *3–4. Plaintiffs timely appealed and moved this court to certify a question of law to the Pennsylvania Supreme Court to resolve this issue.[2]

## II.

Whether to certify a question of law is within this court's "sound discretion." *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974). "Resort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995) (citations omitted). We "generally will not trouble our sister state courts every time an arguably unsettled question of state law comes across our desks. When we see a reasonably clear and principled course, we will seek to follow it ourselves." *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (citation and internal quotation marks omitted). In appropriate cases, however, certification "save[s] time, energy, and resources and helps build a cooperative judicial federalism." *Lehman Bros.*, 416 U.S. at 391 (footnote omitted).

In *Vance*, we denied the plaintiffs' motion to certify to the Kentucky Supreme Court the question of "whether the [Kentucky Wages and Hours Act] incorporates the Portal-to-Portal Act." 852 F.3d at 607–08. Two critical facts distinguish this case, however. First, the plaintiffs in *Vance* did not timely request certification. *Id.* at 608. Instead, they waited until they had already lost below. *Id.* at 607–08. "[T]he appropriate time to request certification of a state-law issue is before, not after, the district court has resolved [it]. [O]therwise, the initial federal court decision will be nothing but a gamble with certification sought only after an adverse decision." *Id.* at 607 (second and third alteration in original) (citations and internal quotation marks omitted). Here, plaintiffs did not have the option of asking the district court to certify a question because the Pennsylvania Supreme Court accepts certified questions only from the Supreme Court of the United States and the federal courts of appeals. Pa. R. App. P. 3341(a).

---

[2]In their reply brief addressing the merits, plaintiffs state that if we grant their certification motion, we should "ask the [Pennsylvania] Supreme Court to also consider the *de minimis* defense's application to PMWA claims." Plaintiffs explain that they did not include this request in their motion to certify "because the defense was not addressed in the district court's opinion and it was unclear whether the defense would even be litigated on appeal." This is a valid reason for not making the request earlier. Moreover, we independently find it appropriate to certify the *de minimis* question.

Thus, plaintiffs did not delay their request by making it in this court; they did so at their earliest opportunity, even before briefing the merits.

Second, certification by a federal court of appeals may be particularly appropriate where the law at issue is from "a distant State" outside of the circuit presented with the question. *Lehman Bros.*, 416 U.S. at 391. For example, "[w]hen federal judges in New York attempt to predict uncertain Florida law, they act . . . as 'outsiders' lacking the common exposure to local law which comes from sitting in the jurisdiction." *Id.* Similarly, we are less familiar with Pennsylvania law than Kentucky law, which we encounter on a regular basis. These practical considerations militate in favor of certification.

## III.

Pennsylvania Rule of Appellate Procedure 3341 governs certification of questions of law from federal courts. Three elements are required to warrant certification. First, "all facts material to the question of law to be determined" must be undisputed. Pa. R. App. P. 3341(c). Second, the question of law must be "one that the petitioning court has not previously decided." *Id.* Third, there must be "special and important reasons therefor, including, but not limited to, any of the following":

(1)  The question of law is one of first impression and is of such substantial public importance as to require prompt and definitive resolution by the Supreme Court;

(2)  The question of law is one with respect to which there are conflicting decisions in other courts; or

(3)  The question of law concerns an unsettled issue of the constitutionality, construction, or application of a statute of this Commonwealth.

*Id.*

## A.

We begin by analyzing these elements with respect to the Portal Act issue. The first two are easily satisfied. The parties agree on the material facts of this case and this court has not previously decided whether the PMWA incorporated the Portal Act. As for the "special and important reasons," all three enumerated factors support certification.

*First Impression and Substantial Public Importance.* The Pennsylvania Supreme Court has adopted a lower-court decision approving the use of federal caselaw interpreting the FLSA to interpret the PMWA in some circumstances. *Commonwealth, Dep't of Labor & Indus., Bureau of Labor Law Compliance v. Stuber*, 822 A.2d 870, 873 (Pa. Commw. Ct. 2003) (citation omitted), *aff'd sub nom. Commonwealth v. Stuber*, 859 A.2d 1253 (Pa. 2004) (per curiam). In another case, it stated that "Pennsylvania may enact and impose more generous overtime provisions than those contained under the FLSA which are more beneficial to employees; and it is not mandated that state regulation be read identically to, or *in pari materia* with, the federal regulatory scheme." *Bayada Nurses, Inc. v. Commonwealth, Dep't of Labor & Indus.*, 8 A.3d 866, 883 (Pa. 2010). But the Court has never squarely addressed whether the PMWA incorporated the Portal Act. And defendants admit that "there is no evidence that the security-screening issue has ever arisen before under Pennsylvania law."

In *Caiarelli v. Sears, Roebuck & Co.*, 46 A.3d 643, 644 (Pa. 2012), the Pennsylvania Supreme Court dismissed without comment an appeal as having been improvidently granted, but two justices dissented from that dismissal. In a separate writing, Justice McCaffery (joined by Justice Todd) asserted that "[t]he Pennsylvania General Assembly has not in any way adopted the federal Portal to Portal Act." *Id.* at 648 (McCaffery, J., dissenting). But this dissent by two justices obviously does not constitute a precedential opinion of the Pennsylvania Supreme Court. *See Commonwealth v. Kyle*, 874 A.2d 12, 20 (Pa. 2005) (explaining that a previous holding "was not endorsed by a majority of the Court and lacks precedential status"). Thus, the issue raised here is one of first impression.[3]

Defendants argue that resolving this issue would be of little public importance because, "[a]ccording to Plaintiffs, 'almost no Pennsylvania employers . . . require their employers [sic] to go through an airport-style, anti-theft screening process at the end of every shift.'" But answering

---

[3]We also note our awareness of the appeal currently pending in the Pennsylvania Supreme Court in *Chevalier v. General Nutrition Centers, Inc.*, 189 A.3d 386 (Pa. 2018) (per curiam). That case raises the question of whether the PMWA permits an employer to use a particular "method of calculating a salaried employee's 'regular rate' and . . . resulting overtime payments" that the Supreme Court of the United States has authorized under the FLSA. *Chevalier v. Gen. Nutrition Ctrs., Inc.*, 177 A.3d 280, 286 (Pa. Super. Ct. 2017); *see Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572 (1942). While the Pennsylvania Supreme Court's opinion in that case will provide guidance for us, it will not resolve the question presented in this case and thus would not change our analysis under Rule 3341(c)(1).

the narrow security-screening question presented by this appeal necessarily requires answering the broader question of whether the Portal Act applies to PMWA claims. This question touches many more Pennsylvania workers and employers, as evidenced by the cases discussed below grappling with it.

*Conflicting decisions in other courts.* Plaintiffs argue that the district court's decision here "directly conflicts with a recent opinion issued by the Pennsylvania Court of Common Pleas." In *Bonds v. GMS Mine Repair & Maintenance, Inc.*, No. 2:13-CV-1217, 2015 WL 5602607, at *1–3 (W.D. Pa. Sept. 23, 2015), a group of mine workers sued their employer in federal district court, alleging FLSA and PMWA violations, among others. The district court granted summary judgment in favor of the employer with respect to the FLSA claims, relying on the Portal Act and *Busk I*. *Id.* at *9–12. It declined to exercise supplemental jurisdiction over the state-law claims, however, quoting the *Caiarelli* dissent's statement that "[t]he Pennsylvania General Assembly has not in any way adopted the federal Portal to Portal Act." *Id.* at *11 (citation omitted). The plaintiffs then brought their state-law claims in state court, where the employer reasserted its argument that the "pre- and post-shift activities outlined in the pleadings do not meet the standard of 'integral and indispensable duties'" described in *Busk I*. *Bonds v. GMS Mine Repair & Maint.*, No. 2015-6310, 2017 Pa. Dist. & Cnty. Dec. LEXIS 10622, at *10 (Pa. Com. Pl., Wash. Cty. Dec. 12, 2017). The court disagreed:

> [*Busk I*] ultimately has no impact on Plaintiffs' MWA claim. As previously stated, the law in Pennsylvania provides greater protection for employees than the federal law, and Pennsylvania has refused to adopt the FLSA. The standard set forth in [*Busk I*] is inapplicable to Plaintiffs' state law claims, therefore Defendant's Motion for Summary Judgement is DENIED.

*Id.* at *11.

Defendants are quick to point out that the plaintiffs in *Bonds* sought compensation for time spent in "pre- and post-shift safety meetings," not security screenings. *Id.* at *7. For this reason, defendants assert that "[p]laintiffs' argument misfires because '[t]he question of law' they want certified *was not decided in the Bonds case*." Given plaintiffs' narrow wording of the question they propose certifying in their motion, this is technically correct. But the two decisions are nevertheless irreconcilable in a broader respect: one holds that *Busk I* and the

Portal Act apply to PMWA claims, and the other holds that they do not. The district court here briefly noted that it considered *Bonds* "and f[ound] it unpersuasive." *Heimbach*, 2018 WL 4148856, at *3 n.3. Defendants also highlight that the decision is an unpublished, trial-court opinion with no precedential value. *See Fullerton v. W.C.A.B. (Gettysburg Foundry Specialties Co.)*, 761 A.2d 201, 202 (Pa. Commw. Ct. 2000) ("[C]ommon pleas court opinions are not precedential before this Court."); *Constanzo v. Yetzer*, No. 02-3424, 2007 WL 5731694 (Pa. Com. Pl., Berks Cty. Aug. 16, 2007) ("[A] court of common pleas decision . . . has limited precedential value."); *see also Commonwealth v. Nase*, 104 A.3d 528, 530 (Pa. Super. Ct. 2014) (discussing "an unpublished non-precedential Court of Common Pleas decision"). But Rule 3341(c)(2) makes no mention of precedential effect. It merely requires that there be "conflicting decisions in other courts"—which accurately describes *Bonds* and the district court's order here. These conflicting decisions illustrate the unsettled state of the law on this issue.

In *Smith v. Allegheny Technologies, Inc.*, the Third Circuit stated that "Pennsylvania has not enacted the Portal-to-Portal Act, and Pennsylvania law requires compensation for a broader range of activities, including travel time, than the FLSA." 754 F. App'x 136, 141 (3d Cir. 2018) (citations omitted). Accordingly, the court found that "[n]either the principal activity nor the integral or indispensable test applies here." *Id.* This decision, while not from a Pennsylvania court, does come from a court with much more expertise on Pennsylvania law than ours. And it conflicts with the district court's decision here in the same way as *Bonds*.

*Unsettled Issue Involving a Pennsylvania Statute.* This factor's application is more straightforward. The parties agree that the issue in this case concerns a Pennsylvania statute: the PMWA. And, as discussed above, the issue is unsettled. The PMWA's constitutionality is not questioned here, but its construction (whether it incorporates the Portal Act) and application (how it applies to plaintiffs' security-screening claims) are. Thus, this factor weighs in favor of certification as well.

B.

In both the district court and on appeal, defendants have advanced an alternative argument that the security screening time at issue is noncompensable under "the doctrine *de*

*minimis non curat lex* (the law does not take account of trifles)." *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220, 233 (2014). In *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), the Supreme Court "declared that because '[s]plit-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act,' such 'trifles' as 'a few seconds or minutes of work beyond the scheduled working hours' may be 'disregarded.'" *Sandifer*, 571 U.S. at 233 (quoting *Anderson*, 328 U.S. at 692).

Like the Portal Act issue discussed above, the material facts here are not in dispute and our court has never considered whether the *de minimis* doctrine may apply to PMWA claims. *See* Pa. R. App. P. 3341(c). And the state of the law on this issue seems to be similarly unsettled. Defendants admit that the PMWA "and regulations do not expressly endorse the doctrine", and Pennsylvania precedent addressing the *de minimis* doctrine in this context is sparse. The dissent of two justices in *Caiarelli* states that there is not "an established '*de minimis*' rule under the PMWA." 46 A.3d at 648 (McCaffery, J., dissenting). The Pennsylvania Superior Court in *Caiarelli* did not use the term "*de minimis*" in its unpublished decision affirming the trial court's grant of summary judgment in the defendant's favor. *Caiarelli v. Sears, Roebuck & Co.*, 988 A.2d 713 (Pa. Super. Ct. Sept. 21, 2009) (table). But it did state that one of its two reasons to affirm was "because any tasks associated with commuting from home to the service call were minimal." *Id.*, slip op. at 4. It appears to us that no Pennsylvania case other than *Caiarelli* addresses the *de minimis* doctrine in the context of the PMWA.[4]

This lack of precedent means that there are no "conflicting decisions in other courts" on this issue, Pa. R. App. 3341(c)(2), except to the extent that the two-justice dissent in *Caiarelli* conflicts with the Superior Court's opinion below. And, like the Portal Act question, this issue concerns the construction and application of the PMWA, and its resolution is likely to affect a

---

[4]The majority of other Pennsylvania cases mentioning the *de minimis* doctrine do so in the context of zoning and land use. *E.g., Nettleton v. Zoning Bd. of Adjustment of City of Pittsburgh*, 828 A.2d 1033, 1038 (Pa. 2003) ("The de minimis zoning doctrine authorizes a variance in the absence of a showing of the unnecessary hardship traditionally required to support such relief where the violation is insignificant and the public interest is protected by alternate means." (footnote omitted)); *see also Penn. Labor Relations Bd. v. Friedberg*, 148 A.2d 909, 911 (Pa. 1959) (discussing the labor-law *de minimis* doctrine limiting the application of the National Labor Relations Act to businesses that engage in a small "volume of commerce"). None of these cases provides guidance to us.

broad swath of workers and employers in Pennsylvania. *See* Pa. R. App. 3341(c)(1) & (3). We find that the factors of Rule 3341(c) support certification here as well.

IV.

For the reasons discussed above, we certify the following two questions to the Pennsylvania Supreme Court:

(1)     Is time spent on an employer's premises waiting to undergo and undergoing mandatory security screening compensable as "hours worked" within the meaning of the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101 et seq.?

(2)     Does the doctrine of *de minimis non curat lex*, as described in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946) and *Sandifer v. U.S. Steel Corp.*, 571 U.S. 220 (2014), apply to bar claims brought under the Pennsylvania Minimum Wage Act, 43 Pa. Cons. Stat. § 333.101 et seq.?

Our phrasing of the questions is not intended to restrict the Pennsylvania Supreme Court's consideration of the issues involved. For purposes of filing subsequent pleadings in the Pennsylvania Supreme Court, we recommend that Plaintiffs-Appellants Heimbach and Salasky be designated as Appellants and that Defendants-Appellees Amazon and Integrity be designated as Appellees. *See* Pa. R. App. P. 3341(b)(5).

The clerk is directed to attach to this order plaintiffs' motion to certify, defendants' response thereto, and the parties' merits briefs. *See* Pa. R. App. P. 3341(b).

We retain jurisdiction pending resolution of this certification.

It is so ordered.

BY THE COURT

A TRUE COPY
Attest:
DEBORAH S. HUNT, Clerk
By
Deputy Clerk

/s/ Richard A. Griffin
Circuit Judge