NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0343n.06
Case No. 19-3428

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| VANESSA ENOCH, et al., | ) | |
| Plaintiffs-Appellees, | ) | **FILED** |
| | ) | Jun 11, 2020 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| HAMILTON COUNTY SHERIFF'S | ) | ON APPEAL FROM THE UNITED |
| OFFICE, et al., | ) | STATES DISTRICT COURT FOR THE |
| Defendants-Appellants. | ) | SOUTHERN DISTRICT OF OHIO |
| | ) | |

OPINION

Before: SUHRHEINRICH, BUSH, and MURPHY, Circuit Judges.

**JOHN K. BUSH, Circuit Judge.** This case arises from arrests of Vanessa Enoch and Avery Corbin for taking videos and photos in a hallway of a courthouse in Hamilton County, Ohio, ostensibly in violation of a judge's order prohibiting courtroom pictures and videos. Enoch and Corbin claim that the arrests violated their rights under the First and Fourth Amendments as incorporated by the Fourteenth Amendment, and also raise state-law claims. At the pleadings stage the district court denied qualified immunity for the arresting officers, Sheriff's Deputies Gene Nobles and Brian Hogan (together, "the Deputies"), and a panel of this court affirmed. *Enoch v. Hogan*, 728 F. App'x 448 (6th Cir. 2018) (*Enoch I*). At summary judgment the district court again denied qualified immunity to the Deputies on the First and Fourth Amendment claims, granted summary judgment to Enoch and Corbin on three of those claims (Counts I, II and II), and denied summary judgment on the remaining claims. For the reasons stated below, we **REVERSE** the district court's denial of qualified immunity, **AFFIRM** the district court's denial of state-law

immunity to all Defendants-Appellants, **DISMISS** the interlocutory appeal of the Hamilton County Sheriff's Office, and **REMAND** for proceedings consistent with this opinion.

## I.

In 2014, Enoch and Corbin visited the county courthouse in Hamilton County, Ohio to attend a pretrial hearing in the criminal prosecution of Tracie Hunter, a local juvenile court judge. Corbin was a bailiff for Judge Hunter before she was removed from the bench. Enoch was in court that day conducting a case study of the prosecution of Judge Hunter. At the conclusion of the day's proceedings, Enoch and Corbin exited the courtroom and, using their iPads, began taking videos and photos in the hallway.

Enoch and Corbin stood with others congregated outside the courtroom. When Kimball Perry, a reporter for the *Cincinnati Enquirer*, exited the courtroom, Corbin pointed the iPad towards Perry. As Perry walked down the hallway and turned down a different hallway, Corbin followed, taking pictures of and video recording the reporter. Perry then called out to the Deputies—here, acting as court security officers—that Corbin was taking pictures in the hallway. All the while, Enoch was also taking pictures on her iPad. The Deputies responded to the commotion. Deputy Hogan ordered Corbin and Enoch to stop recording and to turn off their devices, insisting that a local court rule prohibited photography or video recording anywhere in the courthouse. The Deputies also demanded that Corbin and Enoch provide photo identification. After Corbin did so, he argued with the Deputies that he was permitted to take pictures and record videos in the hallway because the judge only prohibited photography *inside* the courtroom, not in the hallways.

While the Deputies were discussing Corbin's conduct that had led to the commotion, Corbin took out his iPad again to take a picture of the courtroom door. On the door was posted a

notice stating that "use of cell phones, pagers, cameras, electronic devices are prohibited without permission of the Court." R. 84-11 at PageID 1236.

Local Rule 33(D)(6) prohibits recording "in any courtroom or hearing room, jury room, judge's chambers or ancillary area (to be determined in the sole discretion of the Court) without the express permission of the Court." Hamilton Cty. Common Pleas Court R. 33(D)(6).[1] Judge Nadel, who presided at the Hunter trial, gave an instruction in his courtroom pursuant to Rule 33(D)(6), but did not reference "hallways" in those instructions. However, when deposed in this case, Judge Nadel testified that he understood that "the hallway" was an "adjacent area[]" that was "ancillary to the courtroom" and that he thought that this understanding was implicit in his order. Neither Hogan nor Nobles had seen an order from Judge Nadel defining "ancillary areas" to include the hallways of the courthouse.

The Deputies charged both Corbin and Enoch for disorderly conduct under Ohio Rev. Code § 2917.11. Enoch also was charged with failure to disclose information under Ohio Rev. Code § 2921.29, on the basis that she had refused to identify herself. The Deputies later testified that they arrested the pair for taking photographs in violation of Local Rule 33(D)(6). All charges were subsequently dismissed.

Enoch and Corbin filed this suit under 42 U.S.C. § 1983 alleging First and Fourth Amendment claims and pendent state-law claims against Deputies Hogan and Nobles, the Hamilton County Sheriff's Office, and County Sheriff Jim Neil, along with four other employees of the Sheriff's Office who have since been dismissed. As part of their claims, Enoch and Corbin maintained that they were singled out and arrested because they were African American. Although several other individuals—most of them white—were using cameras and other recording devices

---

[1] The full text of the Rule can be found at https://hamiltoncountycourts.org/wp-content/uploads/2017/07/RULE-33.pdf.

3

in the hallways, they were not prohibited from doing so by the Deputies, and none of them were arrested.

The Deputies moved for judgment on the pleadings for the federal-law claims on the basis of qualified immunity. The district court granted the motion as to Enoch and Corbin's excessive-force claims (Count IV), but concluded that they were not entitled to qualified immunity on the remaining claims at the pleading stage. The district court also granted the motion as to Enoch and Corbin's state-law malicious-prosecution claim (Count VII), state-law false-imprisonment claim (Count IX), and state-law assault and battery claim (Count XI). We affirmed in *Enoch I*, 728 F. App'x at 457, holding that Enoch and Corbin had plausibly alleged violations of their First and Fourth Amendment rights, and remanded to the district court for further proceedings on Counts I–III, V, VI, VIII, and X.

After the close of discovery, both sides moved for partial summary judgment. The district court again denied the Deputies qualified immunity on the First and Fourth Amendment claims, denied summary judgment to Sheriff Neil and the Sheriff's Office on a claim of supervisory liability under the First and Fourth Amendments, and granted summary judgment to Enoch and Corbin on certain First and Fourth Amendment claims (Counts I, II and III), reserving for trial a Fourth Amendment malicious-prosecution claim (Count V), the supervisory-liability claim (Count VI), and state-law claims of negligent and intentional infliction of emotional distress (Count VIII) and invasion of privacy (Count X). The district court held that Defendants-Appellants were not entitled to state-law statutory immunity on the invasion-of-privacy claim. In addition, the district court held that Defendants-Appellants were not entitled to Eleventh Amendment immunity. Finally, the district court declined to rule on Enoch and Corbin's First Amendment claims to the

extent they were predicated on racial animus, purporting to reserve them for trial.[2] Defendants-Appellants filed this timely appeal.

## II.

There are five major arguments made for reversal of the district court's rulings. First, Defendants-Appellants claim that they are entitled to sovereign immunity under the Eleventh Amendment because, as court security officers, the Deputies were acting as arms of the state, rather than the county. Second, the Deputies argue that they are entitled to qualified immunity on the First and Fourth Amendment claims. Third, Sheriff Neil and the Deputies contend that they are entitled to summary judgment for the official-capacity claims. Fourth, Defendants-Appellants maintain that they are entitled to state-law immunity for the state-law claims. Finally, the Sheriff's Office argues that the district court erred in denying summary judgment on the municipal-liability claim. We address each argument in turn.

### A.

Defendants-Appellants contend that, because the Deputies were acting as court security officers, they are officers of the Court of Common Pleas, and thus Defendants-Appellants, whose liability is derived from actions of the Deputies, are entitled to sovereign immunity under the Eleventh Amendment.[3] *See S.J. v. Hamilton Cty., Ohio*, 374 F.3d 416, 421 (6th Cir. 2004).

---

[2] The district court noted: "While the video evidence shows white individuals recording events in the hallways with professional video cameras as well as cell phones, plaintiffs acknowledge that defendants have denied any racial animus, thereby creating an issue of fact on the issue of intent." *Enoch v. Hamilton Cty. Sheriff's Office*, 2019 WL 1755966, at *21, n. 9 (S.D. Ohio, Apr. 19, 2019).

[3] Defendants-Appellants moved for us to certify to the Ohio Supreme Court the question of whether the Ohio Rule of Superintendence that requires courts to implement a court security plan that may employ sheriff's deputies supersedes the Ohio statute that defines county sheriffs as county officials. The Buckeye State Sheriffs' Association filed a motion, which we grant, to file an amicus brief in support of the motion to certify. "Whether to certify a question of law is within this court's 'sound discretion.'" *In re Amazon.com, Inc.*, 942 F.3d 297, 300 (6th Cir. 2019) (quoting *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974)). "Resort to the certification procedure is most appropriate when the question is new and state law is unsettled." *Id.* (quoting *Transamerica Ins. Co. v. Duro Bag Mfg. Co.*, 50 F.3d 370, 372 (6th Cir. 1995)). However, we "generally will not trouble our sister state courts every time an arguably unsettled question of law comes across our desks. When we see a reasonably clear and principled course,

Whether sovereign immunity exists in a given case "is a question of constitutional law that we review de novo." *Ernst v. Rising*, 427 F.3d 351, 359 (6th Cir. 2005) (en banc).

The States' immunity from suits in federal court applies to claims against a State by citizens of the same State as well as to claims against a State by citizens of another State. *See Hans v. Louisiana*, 134 U.S. 1, 15, 21 (1890). This immunity "also applies to actions against state officials sued in their *official* capacity for money damages." *Ernst*, 427 F.3d at 358 (emphasis added) (citing *Lapides v. Bd. of Regents*, 535 U.S. 613, 616 (2002). However, state officials sued in their individual capacities may not avail themselves of the State's sovereign immunity. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Here, Enoch and Corbin sued the Deputies for money damages in their individual capacities. *See* Appellee's Br. at 12–13. Therefore, Defendants-Appellants' defense of immunity under the Eleventh Amendment fails as a matter of law. *Hafer*, 502 U.S. at 31.

B.

The Deputies contend that the district court erred in denying them qualified immunity on Enoch and Corbin's First and Fourth Amendment claims. We review a district court's denial of qualified immunity de novo. *Binay v. Bettendorf*, 601 F.3d 640, 646 (6th Cir. 2010). "A defendant enjoys qualified immunity on summary judgment unless the facts alleged and the evidence produced, when viewed in the light most favorable to the plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Kovacic v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 724 F.3d 687, 695 (6th Cir. 2013) (quoting *Morrison v. Bd. Of Trs.*, 583 F.3d 394, 400 (6th Cir. 2009)). The doctrine

---

we will seek to follow it ourselves." *Pennington v. State Farm Mut. Auto Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009) (internal citation and quotations omitted). Because the Deputies are being sued in their individual capacities, and would not be entitled to avail themselves of the State's immunity in any event, we deny Defendants-Appellants' motion to certify the question to the Ohio Supreme Court.

allows police officers "breathing room to make reasonable but mistaken judgments and protects all but the plainly incompetent or those who knowingly violate the law." *Barton v. Martin*, 949 F.3d 938, 947 (6th Cir. 2020) (quoting *Stanton v. Sims*, 571 U.S. 3, 6 (2013) (per curiam)).

The Deputies argue that the district court erred in denying qualified immunity on Enoch and Corbin's claims for unlawful arrest, malicious prosecution under the Fourth Amendment, as well as their claims brought under the First Amendment. We address each in turn.

1.

The Deputies first maintain that the district court erred in denying qualified immunity on Enoch and Corbin's Fourth Amendment wrongful-arrest claim.

To succeed on their wrongful-arrest claims, Enoch and Corbin must prove that the Deputies lacked probable cause to arrest them. *Burley v. Gagacki*, 834 F.3d 606, 613–14 (6th Cir. 2016). "An officer possesses probable cause when, at the moment the officer seeks the arrest, 'the facts and circumstances within the officer's knowledge and of which [he] had reasonably trustworthy information are sufficient to warrant a prudent man in believing that the plaintiff had committed or was committing an offense.'" *Wesley v. Campbell*, 779 F.3d 421, 429 (6th Cir. 2015) (internal alterations omitted) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "If probable cause exists to arrest the suspect for any of the charged offenses, then the false arrest claim must fail." *Fineout v. Kostanko*, 780 F. App'x 317, 328 (6th Cir. 2019) (citing *Lyons v. City of Xenia*, 417 F.3d 565, 573 (6th Cir. 2005)).

The Deputies argue that they had probable cause to arrest Enoch and Corbin for three different violations: disorderly conduct under Ohio Rev. Code § 2917.11(A)(4), failure to identify under Ohio Rev. Code § 2921.29, and taking photographs in violation of Hamilton County Court of Common Pleas Local Rule 33(D)(6). We agree that they had probable cause to arrest Enoch

and Corbin for violating Rule 33(D)(6). They therefore are entitled to qualified immunity on the wrongful-arrest claim.

Local Rule 33(D)(6) prohibits recording "in any courtroom or hearing room, jury room, judge's chambers or ancillary area (to be determined in the sole discretion of the Court) without the express permission of the Court." Ohio Revised Code § 2705.02(A) penalizes "disobedience of, or resistance to, a lawful . . . rule of a court or officer."

Two things are undisputed: that Enoch and Corbin were recording in the hallways outside the courtroom, and that Judge Nadel, who presided at the Hunter proceedings, never entered an order defining the hallways as "ancillary area[s]" in which recording was prohibited. The question, then, is whether, despite no formal admonition from the court including the hallways within the purview of Rule 33(D)(6), the officers nonetheless had probable cause to arrest Enoch and Corbin.

The video evidence and the Deputies' testimony show that they believed that the hallways outside of the courtroom were classified as "ancillary area[s]." And Judge Nadel testified that, although he never issued an order defining "ancillary areas" for the purpose of 33(D)(6), he considered the hallway and any adjacent areas to be "ancillary to the courtroom," and thus covered under the Rule. R. 88-1 at PageID 1434. He believed that it was "implicit that the ancillary areas are part of the courtroom." *Id.*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "As the text indicates . . . the ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (internal quotation omitted). "To be reasonable is not to be perfect, and so the Fourth Amendment allows for some mistakes on the part of government officials, giving them 'fair leeway for enforcing the law in the community's

protection.'" *Id*. at 60–61 (quoting *Brinegar v. United States*, 338 U.S. 160, 176 (1949)). We therefore must consider whether it was reasonable for the Deputies to believe that Enoch and Corbin were violating Rule 33(D)(6) by recording in the hallway outside the courtroom. We find that it was.

Deputy Hogan testified that court security officers are trained that people are not allowed to film inside the courthouse without permission. R. 76 at PageID 728. Judge Nadel thought that it was implied that the hallways were included in Rule 33(D)(6)'s prohibition on recording in the courtroom. Even if the rule itself, and Judge Nadel's supplemental order, did not explicitly characterize the hallways as "ancillary area[s]," the unrebutted evidence shows that the common practice in the Hamilton County courthouse was to treat it as such. It was accordingly reasonable for the Deputies to have believed that was the case here.

"Probable cause is not a high bar." *United States v. Tagg*, 886 F.3d 579, 585 (6th Cir. 2018) (alteration omitted) (quoting *District of Columbia v. Wesby*, 138 S. Ct. 577, 586 (2018)). Because they reasonably believed that Rule 33(D)(6) applied to the hallways outside the courtroom, we cannot say that the Deputies were "plainly incompetent," or that they "knowingly violate[d] the law." *Barton*, 949 F.3d at 947 (citation omitted). There was no wrongful arrest in violation of the Fourth Amendment based on the conduct at issue on this appeal. They are therefore entitled to qualified immunity from liability based on such conduct, and we reverse.

2.

The Deputies also maintain that they are entitled to qualified immunity on Enoch and Corbin's malicious-prosecution claim. We agree. The Sixth Circuit "recognizes a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment, which

encompasses wrongful investigation, prosecution, conviction, and incarceration." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (cleaned up).

To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a Fourth Amendment violation, Enoch and Corbin must prove four things. First, a criminal prosecution must have been initiated against them and the defendant must have "made, influenced, or participated in the decision to prosecute." *Id.* (quoting *Fox v. Desoto*, 489 F.3d 227, 237 (6th Cir. 2007) (internal edits omitted)). Second, there was a lack of probable cause to prosecute. *Fox*, 489 F.3d at 237. Third, as a consequence of a legal proceeding, Enoch and Corbin must have suffered a deprivation of liberty apart from the initial seizure. *Sykes*, 625 F.3d at 308–09. Finally, the criminal proceeding must have been resolved in their favor. *Id.* at 309.

Here, we focus on the second requirement. For the reasons stated above, Enoch and Corbin cannot show that there was a lack of probable cause, and so their malicious-prosecution claims fail as a matter of law. *Fox*, 489 F.3d at 237. The Deputies therefore are entitled to qualified immunity for the malicious-prosecution claim based on their conduct at issue in this appeal because there was no underlying constitutional violation.

3.

The Deputies further maintain that the district court erred in denying them qualified immunity on Enoch and Corbin's First Amendment claims. The parties agree that the hallway outside the courtroom is a limited public forum. In a limited public forum, the government "is not required to and does not allow persons to engage in every type of speech." *Hartman v. Thompson*, 931 F.3d 471, 479 (6th Cir. 2019) (quoting *Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 106 (2001)). The government may restrict speech so long as the restrictions are viewpoint neutral

and "reasonable in the light of the purpose to be served by the forum." *Id.* (internal quotations omitted).

No one denies that Rule 33(D)(6) is a reasonable restriction on speech. Rather, Enoch and Corbin maintain that the Deputies could not "punish them for gathering news about matter of public importance when their actions violated neither rules nor laws." *See* Appellees' Br. at 46 (quoting *Enoch I*, 728 F. App'x at 456). Because Rule 33(D)(6) did not extend to the hallways, they contend, the Deputies arbitrarily stifled their speech. But, as we determined above, it was reasonable for the Deputies to believe that Enoch and Corbin's conduct violated Rule 33(D)(6). "When public officials implement validly enacted state laws that no court has invalidated, their conduct typically satisfies the core [qualified immunity] inquiry—the 'objective reasonableness of an official's conduct'—that the immunity doctrine was designed to test." *Citizens in Charge, Inc. v. Husted*, 810 F.3d 437, 440–41 (6th Cir. 2016) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Because it was not objectively unreasonable for the Deputies to conclude that they were enforcing Rule 33(D)(6) when they arrested Enoch and Corbin—and thus had probable cause to arrest them—they are entitled to qualified immunity on the First Amendment claims. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1725 (2019) (holding that the presence of probable cause for an arrest generally defeats a First Amendment retaliatory arrest claim as a matter of law).

Enoch and Hogan respond that other individuals in the hallway were allowed to continue to take pictures and record videos and that they were singled out for disparate treatment, allegedly because of their race or speech. Either way, this claim fails. Starting with the race-based retaliation claim, it is clearly established law that the police may not discriminate on the basis of race. As the Supreme Court has long made clear, however, "the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause." *Whren v. United*

*States*, 517 U.S. 806, 813 (1996). Enoch and Corbin did not assert a violation of the Equal Protection Clause. Their race-based claims therefore are not properly alleged in this case.

Turning to the speech-based retaliation claim, the Deputies are entitled to qualified immunity. When Enoch and Corbin were arrested, "it was not clearly established that an arrest supported by probable cause," like the arrests in this case, "could violate the First Amendment." *Reichle v. Howards*, 566 U.S. 658, 663 (2012). To be sure, the Supreme Court later clarified that holding in *Nieves*, which left open the possibility that a retaliatory-arrest claim could survive without a finding of the absence of probable cause if the plaintiff presented sufficient "objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Nieves*, 139 S. Ct. at 1727. But *Nieves* was decided *after* Enoch and Corbin were arrested. Its principles, therefore, were not clearly established law at the time of the arrests. So Enoch and Corbin cannot rely on *Nieves*'s potential exception to the requirement to prove the absence of probable cause to make out a retaliatory-arrest claim under the First Amendment.

## C.

Defendants-Appellants maintain that the district court erred in denying immunity under Ohio Revised Code § 2744.03 on the state-law claims. We disagree.

Ohio Revised Code Chapter 2744 grants immunity to political subdivisions and to employees of political subdivisions for actions arising out of the course and scope of their employment. Ohio law grants immunity from civil suits to employees of political subdivisions unless:

> (a) [t]he employee's acts or omissions were manifestly outside the scope of their employment or official responsibilities;
> (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or

(c) [c]ivil liability is expressly imposed by a section of the Revised Code.

Ohio Rev. Code § 2744.03(A)(6)(a)–(c). The Deputies' conduct at issue in this appeal was not outside the scope of their employment. Civil liability is also not expressly imposed by another section of the Ohio Revised Code. Enoch and Corbin thus must show that the Deputies' acts were "with malicious purpose, in bad faith, or in a wanton or reckless manner." *Id*. § 2744.03(A)(6)(b).

Here, the district court suggested that the claims of racial discrimination would allow "a jury to infer the requisite malicious purpose, bad faith, or wanton or reckless conduct on the part of the defendants[.]" *Enoch v. Hamilton Cty. Sheriff's Office*, 2019 WL 1755966, at *26 (S.D. Ohio, Apr. 19, 2019). The Deputies say nothing in response to this suggestion by the district court, thus forfeiting any argument to the contrary in this appeal. We therefore **AFFIRM** the denial of state-law immunity on the state-law claims.

### D.

Defendants-Appellants maintain that the district court erred in denying them summary judgment on the claims against them in their official capacities. The district court denied their motion for summary judgment because "[t]here are genuine issues of fact as to the existence of a County policy that allegedly led to the arrests of plaintiffs . . . ." *Enoch*, 2019 WL 1755966, at *24. We lack jurisdiction to entertain this appeal. Although we have jurisdiction to review a denial of qualified immunity so long as the appeal turns on questions of law, that authority does not extend to a routine denial of a motion for summary judgment. *Bays v. Montmorency Cty.*, 874 F.3d 264, 270–71 (6th Cir. 2017); *see Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 51 (1995).

We may exercise pendant appellate jurisdiction over an otherwise-nonappealable issue "only if the resolution of the properly appealable issue 'necessarily and unavoidably' decides the

nonappealable issue." *Turi v. Main St. Adoption Servs, LLP,* 633 F.3d 496, 502–03 (6th Cir. 2011). We lack jurisdiction to resolve the claims against Defendants-Appellants in their official capacity. Their arguments concerning municipal liability do not turn on whether a federal constitutional violation occurred. Instead, they contest the district court's conclusion that their decisions "may fairly be said to represent official policy." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). This issue is not inextricably intertwined with the district court's denial of qualified immunity, and our resolution of the Deputies' qualified-immunity appeal does not necessarily resolve the municipal liability claim against the Sheriff's Office. *See Lane v. City of LaFollette, Tenn.*, 490 F.3d 410, 424 (6th Cir. 2007). We therefore lack jurisdiction and **DISMISS** Defendants-Appellants' interlocutory appeal as it pertains to claims against them in their official capacities.

## III.

For the reasons stated above, we **REVERSE** the district court's denial of qualified immunity to the Deputies and the district court's denial of summary judgment to Defendants-Appellants on all of the First and Fourth Amendment Claims (Counts I, II, III, V, VI), **REVERSE** the district court's grant of summary judgment to Enoch and Corbin on certain First and Fourth Amendment Claims (Counts I, II, III, and V), **AFFIRM** the district court's denial of state-law immunity on the state-law claims (Counts VIII and X), **DISMISS** Defendants-Appellants' interlocutory appeal as it pertains to claims against them in their official capacities (Count VI), and **REMAND** for proceedings consistent with this opinion.